Claude BOURLAND, Jr., Appellant,

v.

CITY OF SAN ANTONIO et al., Appellees.

No. 13827.

Court of Civil Appeals of Texas.

San Antonio.

April 19, 1961.

Rehearing Denied June 21, 1961.

Maxwell Burket, San Antonio, for appellant.

Carlos C. Cadena, City Atty., Crawford B. Reeder, Asst. City Atty., San Antonio, for appellees.

BARROW, Justice.

This is a suit by appellant, Claude Bourland, Jr., against appellees, City of San Antonio, Lynn Andrews, its City Manager, and Clyde Sharrer, Director of Aviation, San Antonio International Airport, for damages for the alleged taking and damaging of his property and business. Also seeking a temporary injunction to restrain the defendants, in their official capacities, from permitting or directing the use of the northwest-southeast runway at the San An-

tonio International Airport for aircraft taking off in a northwesterly direction, and in landing from a northwesterly direction. Upon a hearing, the court denied appellant's petition for a temporary injunction, and this appeal is from that order.

Appellant alleged that the City of San Antonio owns and operates the International Airport in the northern part of the City. That he owns a tract of land containing 25.6 acres, on the west side of San Pedro Avenue, which he and his family occupy and use as a homestead and place of business. That he is a horse trainer by trade and uses the land as a training ground. That aircraft in landing on and taking off from the northwest-southeast runway fly low over his property, thus endangering the lives of the members of his family and ruining his business. He further alleged that the City has designated a part of his land as a clear zone and approach zone, which forbids the erection of any buildings thereon, and has done so without any compensation to him. That by such designation and use of his land, the City has "converted" his property and appropriated it to a public use without compensation.

Appellees answered inter alia, by pleas in abatement, that the aircraft using said runway belong to and are operated by certain named commercial airline companies and by the United States Government, under contract with the City, and that said parties are proper, necessary and indispensable parties. They further alleged that an order directed to the parties with whom the City has contracted, prohibiting the use of said runway by them, or either of them, would be vain and useless, for the reason that under said contracts appellees do not have the power, authority or capability to effectively prohibit such use.

We are here concerned only with appellant's application for temporary injunction, and express no opinion in regard to appellant's action for damages or for compensation, or as to the proper, necessary, or indispensable parties to such action.

It is well settled that "All persons who have or claim a direct interest in the object and subject matter of the suit, and whose interests will necessarily be affected by any judgment that may be rendered therein, are not only proper but are necessary or indispensable parties plaintiff or defendant." 32 Tex.Jur., Parties, § 9, p. 13. "Nonjoinder of parties necessary to a determination of the main issue is fundamental and requires either a dismissal of the suit or a stay of proceedings until they can be brought in. The court is without authority to pass on the merits or to decide any question which may affect the rights of such necessary parties." 32 Tex.Jur., Parties, § 88, p. 128.

The undisputed evidence shows that these parties operate the aircraft under contract with the City of San Antonio, which owns the airport. The flights to and from the airport are controlled by a Federal agency. Such agency operates the tower from and by which all taking off and landing operations are controlled, and appellees have no power or authority to control them. Under such circumstances we are of the opinion that an injunction against appellees without the joinder of these parties would be useless, futile and ineffectual. Moreover, we are of the opinion that the parties have contract rights, which would be affected by such an injunction, and therefore are necessary parties without whose presence the injunction is unauthorized.

The evidence further shows that appellant's home is about 3,000 feet from the end of the runway complained of, and that if the center line thereof were extended it would pass about 430 feet to the side of appellant's home, and while it is admitted that planes do occasionally fly over appellant's property, it is not necessary for them to do so in landing or taking off from said runway. That under the rules and regulations governing such matters, none of appellant's land is within the glide path approaching said runway. Under such circumstances the trial court did not abuse its discretion in

refusing to grant such injunction, which would hamper and impair aircraft commerce to and from the City.

We are further of the opinion that if the actions complained of amount to a taking, damaging or destruction of appellant's property, within the meaning of Article 1, § 17, of the State Constitution, Vernon's Ann.St., appellant has an adequate remedy at law.

The judgment of the trial court is affirmed.

On Motion for Rehearing.

POPE, Justice.

Plaintiff's suit for damages, as stated in our opinion, did not entitle him to an injunction. 22 Tex.Jur.2d 352, 354. This Court does not decide that plaintiff has no cause of action for damages. Our opinion affirms the denial of a temporary injunction, and that is the limit of the decision.

The motion for rehearing is overruled.